UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD STANLEY ROBERSON, | ) | Case No.: 1:12 CV 2623 |
| | ) | |
| Petitioner | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| ERNIE MOORE, | ) | |
| | ) | <u>ORDER</u> |
| Respondent | ) | |

On October 6, 2012, Petitioner Reginald Stanley Roberson ("Roberson" or "Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") (ECF No. 1) pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his state court convictions and sentences for: two counts of rape with two firearm specifications and a repeat violent offender specification; one count of aggravated robbery with two firearm specifications and a repeat violent offender specification; two counts of kidnapping, each with two firearm specifications, a repeat violent offender specification, and a sexual intent specification; one count of gross sexual imposition with two firearm specifications; one count of carrying a concealed weapon; one count of improperly handling a firearm in a motor vehicle with two firearm specifications; one count of resisting arrest; and one count of having a weapon under disability with two firearm specifications. Roberson argues that his Petition should be granted based on the following grounds:

> Ground One: The court erroneously denied his motion to suppress items seized during a search conducted without a warrant and the illegal seizure and search of his person without probable cause. Petitioner alleges that he

>   was searched and detained based on his race.
>
> Ground Two: His conviction was not supported by sufficient evidence and all essential elements of the charges were not proven.
>
> Ground Three: Petitioner received ineffective assistance of counsel because his counsel did not contact his requested witnesses or provide evidence that Petitioner requested.

(*See* Petition at 5-8.) This court referred the case to Magistrate Judge George J. Limbert for preparation of a Report and Recommendation. Respondent Ernie Moore ("Respondent") filed an Answer on March 26, 2013, denying Petitioner's grounds for relief. (ECF No. 6.)

Magistrate Judge Limbert submitted a Report and Recommendation (ECF No. 8) on March 5, 2014, recommending that the court dismiss the Petition in its entirety with prejudice. The Magistrate Judge found that Petitioner's first ground for relief had no merit because Petitioner was afforded an adequate opportunity to present his Fourth Amendment claims in the trial court and appellate court, and those opportunities were not frustrated by a failure of the state procedural mechanisms in place to present those claims. (*Id.* at 15-16.) Next, the Magistrate Judge found that Petitioner's second ground for relief was procedurally barred because while he presented this claim on direct appeal, he did not appeal it to the Ohio Supreme Court. Further, Petitioner did not show that failure to review this claim would result in a fundamental miscarriage of justice. (*Id.* at 16-17.) Even if Petitioner's claim was not procedurally barred, the Magistrate Judge determined that it had no merit because each of Petitioner's convictions was supported by sufficient evidence introduced at trial. (*Id.* at 17-20.) Finally, the Magistrate Judge found that Petitioner's third ground for relief was procedurally barred because he did not present it on appeal, despite having new appellate counsel, and Petitioner did not demonstrate that failure to review this claim would result in a fundamental miscarriage of justice. (*Id.* at 20-21.)

Petitioner filed Objections to the Report and Recommendation (ECF No. 10) on April 2, 2014. He argues that the Report and Recommendation is "a reiteration of [the state court's] reasoning and misapplication of law." (*Id.* at 1.) Because the Magistrate Judge found grounds two and three to be procedurally defaulted based on Petitioner's failure to present those grounds to the appropriate state courts, the court presumes that Petitioner's argument is limited to his Fourth Amendment claim contained in ground one.

The Supreme Court held in *Stone v. Powell*, 428 U.S. 465, 482 (1976), that, "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." When examining whether a petitioner may raise a Fourth Amendment claim on habeas review, "'a court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism.'" *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir.1982)). The Magistrate Judge correctly found that, "'[t]he mechanism provided by the State of Ohio for the resolution of fourth amendment claims is, in the abstract, clearly adequate.'" (Report and Recommendation at 16 (quoting *Riley*, 674 F.2d at 526).) Additionally, the trial court held a hearing on Petitioner's motion to suppress and he appealed the court's denial of his motion to both the appellate court and the Ohio Supreme Court, both of which overruled this assignment of error. Petitioner simply disagrees with both Ohio courts' resolutions of his claim, and the Magistrate Judge correctly found that Petitioner did not demonstrate that a failure of this mechanism occurred. (*Id.*)

The court finds that, after careful *de novo* review of the Report and Recommendation and all other relevant documents, the Magistrate Judge's conclusions are fully supported by the record and controlling case law. Accordingly, the court adopts as its own the Magistrate Judge's Report and Recommendation (ECF No. 8). The court dismisses Petitioner's Writ of Habeas Corpus (ECF No. 1) with prejudice. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed.R.App.P. 22(b); 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

April 29, 2014